DECISION AND JOURNAL ENTRY
Defendant Elvin R. Butler has appealed his conviction from the Summit Common Pleas Court for resisting arrest, a violation of R.C. 2921.33(A). This Court affirms.
 I.
On December 14, 1998, at approximately 9:30 p.m., Akron Police Officers Jessie Leeser and Drew Kelly were on routine patrol on Copley Road in Akron, Ohio. The officers observed a stopped vehicle in the right lane near the Storer Avenue intersection. The vehicle, registered to Carolyn Butler, was empty. As the officers were in the process of having the vehicle towed, another vehicle, also registered to Carolyn Butler, drove by the officers. The officers noted that the second vehicle had expired license plate tags.
After the vehicle had been towed, the officers resumed their patrol. The officers again observed the vehicle with the expired tags and decided to initiate a traffic stop. According to Officer Lesser, Defendant exited the vehicle and approached the officers in a hostile manner. Defendant demanded to know why the vehicle had been stopped. Defendant eventually calmed down and returned to the vehicle.
Officer Kelly informed Officer Leeser that the driver, Robert Butler, was driving despite the fact that his license had been suspended. Officer Kelly also informed Officer Lesser, who was in the passenger-side of the police cruiser, that he wanted Robert to exit the vehicle. Because the driver's side door would not open, Robert had to exit the vehicle on the passenger-side of the vehicle. Defendant, in the passenger seat, exited and went to the rear of the vehicle. Robert then exited the vehicle.
Officer Lesser noted that when Robert exited the vehicle, he placed his hand in his pocket. When Officer Lesser ordered Robert to take his hand out of his pocket, Robert cursed and attempted to run past him. Officer Leeser grabbed Robert and told him that he was under arrest. Robert pushed off from the vehicle, and both he and Officer Lesser fell to the ground. Robert was face down on the pavement with Officer Lesser on top of him.
While Officer Lesser was struggling with Robert, Defendant approached and grabbed Officer Lesser's shirt in an attempt to pull him off of Robert. Officer Kelly pushed Defendant away, grabbed his can of mace and informed Defendant that he was under arrest. Officer Lesser saw Defendant grab Officer Kelly's wrist and throat. Officer Kelly sprayed Defendant with the mace, struggled with Defendant and wrestled him to the ground. Other police officers arrived and cuffed Defendant and Robert.
Defendant testified at trial that he and Robert had pulled into a parking lot to use the phone and that a police cruiser pulled in behind them. Defendant also stated that he calmly walked up to the officers to ask them why they stopped the vehicle. The officers refused to answer Defendant and ordered him to get into the vehicle, which he did.
Defendant testified that when Robert got out of the vehicle, one of the officers got him in a "full nelson" wrestling hold, picked Robert up and slammed his face into the ground. Defendant testified that, while he did step towards Robert, he did not touch either officer. Defendant stated that the officer who was not wrestling with Robert pushed him up against the vehicle, sprayed mace in his eyes, and threw him to the ground.
The jury found Defendant guilty of one count of resisting arrest; however, he was acquitted on the count of assault. Subsequently, Defendant was sentenced. Defendant timely appealed his conviction, asserting one assignment of error.
 II. The trial court erred to the prejudice of [Defendant] by instructing the jury that the arrest of [Defendant] was a lawful arrest; such instruction violated [Defendant's] rights under the Sixth and Fourteenth Amendments.
 In his first assignment of error, Defendant has asserted that the trial court incorrectly instructed the jury on the issue of the lawfulness of his arrest. Specifically, Defendant has asserted that the lawfulness of his arrest is a element of the crime of resisting arrest; therefore, the trial court erred by instructing the jury that his arrest was lawful. This Court disagrees.
R.C. 2921.33(A) provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." The lawfulness of the underlying arrest is a necessary element that the State must prove beyond a reasonable doubt. Elyria v. Tress (1991),73 Ohio App.3d 5, 9. "It is within the providence and duty of the trier of fact to determine if such elements have been proven." State v. Chan
(June 30, 2000), Franklin App. No. 98AP-1271, unreported, 1999 Ohio App. LEXIS 3022, at *19.
As a preliminary matter, this Court notes that the trial court instructed the jury twice regarding the element of lawful arrest. The first instruction concerned the lawfulness of the arrest of Defendant's brother, Robert. During deliberation, the jury submitted a question to the trial court concerning the initial jury instructions. The trial court answered the question by instructing the jury a second time. Because the instructions appear at two different phases of the trial, this Court will discuss each instruction separately.
 A. Initial Jury Instruction for Robert's Arrest
In its brief, the State has asserted that Defendant waived his argument by failing to object to the initial jury instruction at trial. A review of the record indicates that Defendant's attorney did not object to the initial jury instruction. Because the issue of the initial jury instruction was not preserved for appeal, this Court must determine whether the trial court committed plain error. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. This Court will only apply Crim.R. 52(B) if it is clear that, but for the alleged error, the outcome of the trial would have been different. State v. Keen (Mar. 24, 1999), Lorain App. No. 97CA006900, unreported, at 4.
When initially instructing the jury, the trial court stated that one of the elements of resisting arrest was the existence of a lawful arrest, and it set out for the jury the elements of an arrest. Next, the trial court informed the jurors that Robert's arrest for operating a motor vehicle with a suspended license was a lawful arrest and not an issue for their consideration. The trial court's actions created a conclusive presumption that Robert's arrest was lawful. Such action is subject to a harmless error analysis.[1] Neder v. United States (1999), 527 U.S. 1,9-10, 144 L.Ed.2d 35, 46-47.
The record in the present case reveals that neither party disputed the lawfulness of Robert's arrest. The evidence at trial demonstrated that Robert was driving a vehicle with expired registration tags. The police initiated a traffic stop and discovered that Robert also had a suspended driver's license. Based on the foregoing, this is not an exceptional case where the outcome of the trial would have been different, but for the alleged error. When a reviewing court "concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error," the erroneous instruction is harmless. Neder,527 U.S. at 17, 144 L.Ed.2d at 52. Any error in the trial court's instruction was harmless because reasonable minds could find that Robert's arrest was reasonable, and therefore, "lawful," and the verdict the jury returned on the charge that Defendant "resisted the arrest of another" is consistent with that finding. Accordingly, Defendant's argument concerning the jury instruction on the lawfulness of Robert's arrest is without merit.
 B. Jury Instruction during the Jury's Deliberation
During their deliberation, the jury submitted a question to the court regarding the resisting arrest charge. Specifically, the jury wanted to know if Defendant's resisting arrest charge was for resisting his own arrest or for interfering with Robert's arrest. In response the trial court made the following statement:
 And the answer to that question is it may be applicable to either one based on your findings. The law as I instructed you provided for resistance to the arrest of oneself or another.
 Now, I must instruct you further in that regard that for purposes of this trial, the arrest of [Defendant] was a lawful arrest, and this issue is not a matter for your consideration.
 Defendant's attorney did object to this additional jury instruction; however, his attorney did not offer an explanation for his objection. As previously stated, the trial court's actions are subject to a harmless error analysis because the trial court created a conclusive presumption that the underlying arrests of Defendant or Robert were lawful. Neder, 527 U.S. at 9-10, 144 L.Ed.2d at 46-47.
In the case at bar, Officer Lesser grabbed Robert and told him that he was under arrest for driving with a suspended license. While Officer Lesser struggled with Robert, Defendant interfered by grabbing Officer Lesser's shirt. Officer Kelly immediately pushed Defendant away and sprayed him with mace. Officer Kelly then advised Defendant that he was under arrest. Based on the foregoing, the error is harmless, because the verdict the jury returned is consistent with the evidence in this case that Defendant resisted the arrest of Robert. Defendant's first assignment of error is overruled.
 III.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
[1] This Court notes that Crim.R. 52(A) sets forth the harmless error analysis, while Crim.R. 52(B) sets forth the plain error analysis. Regardless of whether this Court invokes the plain error analysis or harmless error analysis, Defendant suffered no prejudice as discussed later in this case.